Eric Edward Nord
Harlan B. Krogh
CRIST, KROGH & NORD, LLC
The Securities Building
2708 First Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile:  (406) 255-0697
enord@cristlaw.com
hkrogh@cristlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF MONTANA

## BILLINGS DIVISION

| | | |
|---|---|---|
| JAWAD BOULOS, | ) | Case No.: CV-13-137-BLG-SEH-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| vs. | ) | **SUPPORT OF MOTION FOR** |
| | ) | **TEMPORARY RESTRAINING** |
| MARK KUCERA, | ) | **ORDER AND PRELIMINARY** |
| KM KUCERA, INC., and KM | ) | **INJUNCTION** |
| KUCERA INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  INTRODUCTION

This lawsuit involves a dispute that the parties have over the Defendants'

failure to account and turnover funds they received from a business venture

whereby classic cars purchased in America were sold and shipped overseas to automobile collectors.  Plaintiff has filed a motion for a temporary restraining order pursuant to F.R.Civ.P., Rule 65(b), and an application for a preliminary injunction pursuant to F.R.Civ.P., Rule 65(a).  Plaintiff requests that this Court enter an order restraining the Defendants from transferring certain vehicles and real estate described on Exhibit A to Plaintiff's Affidavit, or any funds Defendants have received from the sale of those vehicles and/or real estate.

The grounds for a temporary restraining order are that a delay would cause immediate and irreparable injury to the Plaintiff.  Plaintiff has given notice to Defendants of his intent to pursue legal action if Defendants do not cease their actions, but Defendant have failed and refused Plaintiff's request for a complete accounting and turnover of the funds to which Plaintiff is entitled.

A preliminary injunction should be granted at the later hearing on this matter (that is usually scheduled by the Court within 10 days of granting a temporary restraining order), because Plaintiff can establish a prima facie case that it is entitled to the relief claimed and any action taken by the Defendants in the interim will irreparably damage Plaintiff and may render any judgment ineffectual.

## II. FACTS

The facts are more fully described in the Plaintiff's Complaint and will be shown at a later hearing on the application for a preliminary injunction. Those facts are also supported by the Affidavits of Plaintiff and Dr. Eric Jacob Benizri, attached hereto as Exhibits "A" and "B," respectively.  Those facts are summarized as follows:

In 2009, Plaintiff and Mark Kucera ("Kucera") were involved in a transaction concerning a 1956 Cadillac Eldorado Biarritz that Plaintiff's brother, Wissam Boulos, bought from Kucera.  Boulos Aff. (Oct. 21, 2013) at ¶2.  Thereafter, Plaintiff invited Kucera to Paris and they created a business venture whereby Plaintiff wired money to Kucera so he could buy classic cars in America and Plaintiff would sell them to collectors around the world.  Id. The profits were to be split equally so long as the investments were equal.  Id. Kucera, however, did not invest money equal to Plaintiff.  Id.

Over the years, Plaintiff has personally sent Kucera more than $250,000 and other car buyers, who Plaintiff found, have sent Kucera many hundreds of thousands of dollars more.  Boulos Aff. ¶3.  One of those car buyers who sent Kucera money was a doctor from Nice, France who wired approximately $106,000 to Kucera.  Benizri Aff. (Oct. 23, 2013) at ¶¶ 1-4.  Despite this money

3

having been wired to Kucera, Dr. Benizri has not received his vehicle.  Id. at ¶4.

Similarly, Plaintiff has discovered a significant sum from the business venture

is unaccounted for by Kucera. Boulos Aff. ¶4.   Several times, Plaintiff has

asked Kucera for an accounting, but has never received one.  Id. at ¶6.   In

addition, and based upon what Kucera has told Plaintiff, Kucera claims to have

bought cars for the business venture at a cost of $420,000 and sold them for

$1,000,000, yet the profits are unaccounted for. Id. at ¶7.  Moreover, Kucera

should still be holding assets such as unique cars and real estate for the joint

venture.   Id. at ¶7.

Complicating matters further is the fact that Kucera has set up at least

two Montana entities, KM Kucera International, Inc. and KM Kucera, Inc., to

handle vehicle transactions with Plaintiff.  Boulos Aff. ¶ 5.  As far as Plaintiff is

aware, Kucera is the sole stockholder of both entities although Plaintiff was

supposed to be an equal owner of KM Kucera International, Inc. Id.  Moreover,

Kucera has not invested any money himself into the parties' business venture;

Kucera has used Plaintiff's money to buy and sell collectible cars. Id. at ¶ 8.

A recent example of Kucera's misuse of funds is the sale of a 1958

Cadillac Eldorado Brougham held by the parties' business venture in Billings.

Boulos Aff. ¶ 11.   Although the car sold for $75,200, Kucera still has not

4

accounted for the money. Id.  On information and belief, Kucera has been using money of the business venture for personal purposes.  Id.

Based upon the facts of this case, Plaintiff seeks an order of this Court restraining Kucera from transferring, selling, or otherwise disposing of certain unique assets of their business relationship as well as the proceeds therefrom.

### III. DISCUSSION

**A.     TEMPORARY RESTRAINING ORDERS ARE GRANTED WHERE, AS HERE, IMMEDIATE AND IRREPARABLE DAMAGE WILL RESULT TO THE PLAINTIFF.**

The Court may issue a temporary restraining order without notice to the adverse party in accordance with F.R.Civ.P., Rule 65(b), which provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.

The standard for a temporary restraining order is substantially equivalent to that for a preliminary injunction in the Ninth Circuit.  Jacobsen v. United States Postal Service, 812 F.2d 1151, 1152 (9th Cir. 1987) (preliminary injunction standard); Emmett v. Kent School Dist., 92 F.Supp.2d 1088 (W.D.

5

Wash. 2000) (applying preliminary injunction standard of <u>Jacobsen</u> to temporary restraining order request); <u>Burbridge of Sampson</u>, 74 F.Supp.2d 940, 946-47 (C.D. Cal. 1999) (applying standard to grant preliminary injunction against prior restraint on free speech in public community college).

The Ninth Circuit recognizes two standards for the issuance of a preliminary injunction. <u>Split Family Support Group v. Moran</u>, 232 F.Supp.2d 1133, 1135 (D. Mont. 2002) (citation omitted). Under one standard, an injunction may issue if: (1) plaintiff shows a substantial likelihood of prevailing on the merits; (2) plaintiff is subject to irreparable injury if relief is not granted; (3) plaintiff would suffer harm greater than any suffered by the parties subject to restraint; and (4) the public interest is better served by the issuance of the injunction than its denial. <u>Id</u>. (citation omitted).

Under the other standard for issuing a preliminary injunction, the injunction may issue if plaintiff demonstrates either: (1) a combination of probability of success on the merits and possibility of irreparable injury; or, (2) that serious questions are raised and the balance of hardships tips sharply in its favor. <u>Split Family Support Group</u>, at <u>id</u>. (citation omitted). These alternate standards are not separate but should be viewed as the "outreaches of a single continuum." <u>Id</u>. Overall, the task of the Court is to balance the equities in the

exercise of its discretion.  Where there is a high probability on the merits, the moving party need not show as great a potential damage, but rather, just that damage to the moving party is greater than damage to the non-movant.  Id. (citation omitted).  In this case, using either standard, the Plaintiff should prevail.

"Once personal jurisdiction of a party is obtained, the District Court has authority to order it to 'freeze' property under its control, whether the property be within or without the United States." U.S. v. First Nat. City Bank, 379 U.S. 378, 384, 85 S.Ct. 528, 531, 13 L.Ed.2d 365 (1965) citing State of New Jersey v. City of New York, 283 U.S. 473, 482, 51 S.Ct. 519, 521, 75 L.Ed. 1176 (1931).  Courts of other jurisdictions have held that unique goods or chattels, such as cars, artwork, horses, historical artifacts and even perfume ingredients can be the subject of a preliminary injunction or temporary restraining order to prohibit their removal, sale, transfer or other disposal. See Kinderhill Select Bloodstock, Inc. v. U.S., 835 F.Supp. 699, 700 (N.D.N.Y. 1993) (citations omitted; collecting cases).  Likewise, this Circuit has stated that an interlocutory injunction may be granted restraining the mining of valuable ores pending an action at law to determine the legal title, when such title is in dispute. St. Louis Min. & Mill. Co. v. Montana Min. Co.,

7

58 F. 129, 130 (C.C.D.Mont. 1893) <u>quoting</u> <u>Erhardt v. Boaro</u>, 113 U.S. 537, 5 S.Ct. 565, 28 L.Ed. 1116 (1885).

**B.    <u>A TEMPORARY RESTRAINING ORDER IS APPROPRIATE IN THIS CASE.</u>**

I.    <u>Plaintiff Is Likely To Prevail On The Merits Of Its Claims</u>.

In this case, Plaintiff is likely to prevail on the merits of his claims because Defendants have breached their fiduciary and other duties to the Plaintiff.  Defendants cannot deny the business relationship they have with the Plaintiff, or that Plaintiff is entitled to an accounting therefrom.   Yet, Defendants have failed and refused to account and turnover the funds or the vehicles from the business venture without justification.

II.    <u>Plaintiff Will Suffer Irreparable Injury If Relief Is Denied And The Balance Of Hardships Tips In Plaintiff's Favor</u>.

Plaintiff will suffer irreparable injury if the Court denies injunctive relief, especially with respect to the unique cars and real estate listed on Exhibit "A" to Plaintiff's affidavit.  Once the Defendants have transferred these assets and the funds have been dissipated, Plaintiff will be left without a viable remedy. Moreover, the damage caused by the Defendants will be immediate and irreparable because the transfer of these vehicles and the proceeds therefrom could be accomplished in a matter of days.  If the Court were to delay this

matter by first scheduling a hearing, the transfer of property would be complete and the damage done.  As a consequence, injunctive relief is absolutely necessary to protect the interests of the Plaintiff.

III.    Plaintiff Will Suffer Harm Greater Than Any Suffered by the Defendant.

At this point in time, Defendants will not be harmed if they are restrained from transferring the unique motor vehicles and real estate, or the proceeds therefrom, until a Court hearing can be held on the matter.  Plaintiff, however, will be immediately harmed by any transfer of the property interests in the vehicles or the proceeds therefrom.  Therefore, it is clear that in this case that the harm to the Plaintiff clearly outweighs the harm to the Defendants by any delay caused by a temporary or preliminary injunction.

IV.    The Public Interest is Better Served by the Issuance of the Injunction.

The public interest in this case, as measured by the needs of participants in business ventures similar to that present here, is clearly better served by the issuance of the injunction.  Joint venturers need to know that the Court is protecting their interests and will not allow co-venturers to breach their contractual and fiduciary duties with impunity.  Therefore, the public interest is clearly served by the issuance of the injunction.

9

V.      Serious Questions are Raised In this Proceeding and the Balance of Hardships Tips in Favor of Plaintiff.

This case raises serious questions concerning the enforcement of legal rights and duties of joint venturers with respect to the ownership interests and the right to an accounting and turnover.  Moreover, the balance of hardships tips in favor of the Plaintiff in this case especially at this point in time when it is possible that the motor vehicles will be transferred and funds dissipated. Therefore, the balance of hardships clearly tips in favor of the Plaintiff in this case.

C.      **THIS COURT SHOULD ALSO GRANT A PRELIMINARY INJUNCTION TO MAINTAIN THE STATUS QUO BECAUSE THE APPLICANT IS ENTITLED TO THE RELIEF DEMANDED TO PREVENT GREAT OR IRREPARABLE INJURY AND THE ADVERSE PARTY IS ENGAGING IN ACTION THAT WILL RENDER THE JUDGMENT INEFFECTUAL.**

Courts grant preliminary injunctions not to resolve the merits of the dispute, but to maintain the status quo over the subject in controversy and to prevent injury or irreparable harm pending final resolution of the suit.  See Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 2951, p. 253 (1995) citing Granny Goose Foods, Inc. v. Brother of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 94 S. Ct. 1113, 415 U.S. 423, 39 L.Ed. 2d 435 (1974).

For all of the reasons that a temporary restraining order should be granted in this case, Plaintiff is entitled to a preliminary injunction.  To summarize these arguments, the status quo should be maintained pending the final disposition of the entire case because:  (1) Plaintiff will be able to establish a prima facie case that it is entitled to the relief it requests; (2) great or irreparable injury will result if Defendants are not restrained from transferring the unique motor vehicles and real estate at issue and any proceeds received from the sale therefrom; (3) great harm will unquestionably result because the transfer of any motor vehicles and real estate and the proceeds therefrom will be difficult if not impossible to recover; and, (4) should this Court not issue a preliminary injunction, any subsequent judgment will be rendered ineffectual because the property interests and proceeds there from will have already been transferred. Therefore, this Court should issue a preliminary injunction pursuant to F.R.Civ.P., Rule 65(a).

## IV. CONCLUSION

Based on all the foregoing, Plaintiff requests that this Court enter a temporary restraining order and preliminary injunction and order Defendants to immediately cease and desist from selling or transferring the unique motor

11

vehicles and real estate at issue in this case as well as any proceeds from the sale therefrom without further Order of this Court.

DATED this 31st day of October, 2013.

CRIST, KROGH & NORD, LLC

By: */s/ Eric Edward Nord*
        Eric Edward Nord
        Harlan B. Krogh
2708 First Avenue North, Suite 300
Billings, MT  59101

*Attorneys for Plaintiff*