Eric Edward Nord
Harlan B. Krogh
CRIST, KROGH & NORD, LLC
The Securities Building
2708 First Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile:  (406) 255-0697
enord@cristlaw.com
hkrogh@cristlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF MONTANA

### BILLINGS DIVISION

| | | |
|---|---|---|
| JAWAD BOULOS, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT FOR** |
| | ) | **INJUNCTIVE, DECLARATORY** |
| MARK KUCERA, | ) | **AND** |
| KM KUCERA, INC., and KM | ) | **OTHER RELIEF** |
| KUCERA INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Jawad Boulos, for his Complaint states as follows:

## **PARTIES**

1. Jawad Boulos ("Plaintiff") is a citizen and resident of the Country of Lebanon and a resident of the Country of France.

1

2. Mark Kucera is a citizen and resident of the State of Montana.

3. KM Kucera, Inc. is a corporation organized and existing under the laws of the State of Montana, with its principal place of business in Billings, Montana. Mark Kucera is its registered agent.

4. KM Kucera International, Inc. is a corporation organized and existing under the laws of the State of Montana, with its principal place of business in Billings, Montana. Mark Kucera is its registered agent.

## JURISDICTION AND VENUE

5. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff and Mark Kucera, KM Kucera, Inc. and KM Kucera International, Inc. (collectively, the "Defendants") are citizens of different states. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because all of the Defendants are located in this District, are subject to jurisdiction in this District and some or all of Plaintiff's claims arose in this District.

## GENERAL ALLEGATIONS

7. Plaintiff's first contact with Mark Kucera was in 2009 when Mark Kucera had a 1956 Cadillac Eldorado Biarritz for sale. Plaintiff's brother, Wissam Boulos, bought the 1956 Cadillac from Mark Kucera. Thereafter, Plaintiff invited Mark Kucera to meet Plaintiff in Paris. After that meeting, Plaintiff's family trusted Mark Kucera and the parties created a business venture whereby Plaintiff wired money to Mark Kucera so he could buy classic cars. The business concept was that Mark Kucera would buy cars in America and Plaintiff would sell them to collectors around the world.

8. Plaintiff has personally sent Mark Kucera more than $250,000 and other car buyers, who Plaintiff found, have sent Mark Kucera many hundreds of thousands of dollars more.

9. Mark Kucera was supposed to use the money sent to him to buy cars, but a significant sum, in excess of $75,000 is unaccounted for.

10. Kucera has set up at least two Montana entities, KM Kucera International, Inc. and KM Kucera, Inc. (collectively, the "Kucera Entities"), to handle vehicle transactions with Plaintiff. As far as Plaintiff is aware, Mark Kucera is the sole stockholder of both entities even though Plaintiff was supposed to be an equal owner of KM Kucera International, Inc.

11. Several times Plaintiff has asked Mark Kucera to provide an accounting of the business venture, including the Kucera Entities, but he has never provided Plaintiff with any accounting since 2009.

12. Based upon what Mark Kucera has told Plaintiff, Mark Kucera has purchased cars for the parties' business venture at a cost of $420,000 and sold them for $1,000,000. Yet, the profits from the business venture are unaccounted for.

13. Mark Kucera and/or the Kucera Entities should still be holding for the business venture certain real estate and valuable cars in Billings listed on Exhibit "A" hereto.

14. Mark Kucera has not invest any money himself in the business venture; he has used Plaintiff's money to buy and sell collectible cars in the USA.

15. Mark Kucera and/or the Kucera Entities are holding the parties' business venture's cars and money but refuses to provide an accounting of their activities.

16. On information and believe, Mark Kucera has used business assets for personal purposes.

17. In 2013, Plaintiff sold on Ebay a 1958 Cadillac Eldorado Brougham held by the parties' business venture in Billings. The car sold for $75,200 and Mark Kucera still has not accounted for the money.

## COUNT I – DECLARATORY JUDGMENT

18. Plaintiff incorporates paragraphs 1 - 17 as though fully set forth herein.

19. Plaintiff is entitled to a judgment declaring the rights of the parties in and to the Kucera Entities in accordance with 28 U.S.C. §§ 2201 and 2202.

## COUNT II – ACCOUNTING AND TURNOVER

20. Plaintiff incorporates paragraphs 1 – 19 as though fully set forth herein.

21. Plaintiff is entitled to an accounting of all funds, proceeds, monies received and expended, profits, and other property interests acquired and sold by the Kucera Entities with respect to their business venture and a turnover of all funds and profits to which Plaintiff is entitled.

## COUNT III – CONSTRUCTIVE FRAUD

22. Plaintiff incorporates paragraphs 1 – 21 as though fully set forth herein.

23. Mark Kucera owed a duty to Plaintiff by virtue of his fiduciary and commercial relationships with Plaintiff.

24. Mark Kucera has breached his duty to Plaintiff and Mark Kucera has obtained an advantage over the Plaintiff to Plaintiff's detriment.

25. Mark Kucera has misled Plaintiff with respect to their business venture to Plaintiff's prejudice.

26. The actions of Mark Kucera have caused Plaintiff damage, including, but not limited to, lost profits and other revenues from their business venture.

## COUNT IV – DECEIT

27. Plaintiff incorporates paragraphs 1 – 26 as though fully set forth herein.

28. Mark Kucera has willfully deceived Plaintiff with the intention to induce Plaintiff to alter his position to his injury or risk.

29. The deceitful actions of Mark Kucera have caused Plaintiff damage, including, but not limited to, lost profits and other revenues from their business venture.

## COUNT V – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30. Plaintiff incorporates paragraphs 1 - 29 as though fully set forth herein.

31. Mark Kucera, by his actions, has violated the duty of good faith and fair dealing required in its transactions with Plaintiff.

32. The actions of Mark Kucera have caused Plaintiff damage, including, and not limited to, lost profits and other revenues from their business venture.

## COUNT VI – CONSTRUCTIVE TRUST

33. Plaintiff incorporates paragraphs 1 - 32 as though fully set forth herein.

34. A constructive trust should be placed on any funds or proceeds received by Defendants with respect to their business venture to which Plaintiff is entitled.

## COUNT VII – VIOLATIONS OF FIDUCIARY DUTY

35. Plaintiff incorporates paragraphs 1 - 34 as though fully set forth herein.

36. Mark Kucera has a special relationship with Plaintiff as a result of the dealings and confidences between them concerning their business venture.

37. Mark Kucera has violated his fiduciary duty to Plaintiff.

38. The actions of Mark Kucera have caused Plaintiff damage, including, but not limited to, lost profits and other revenues from their business venture.

## COUNT VIII - CONVERSION

39. Plaintiff incorporates paragraphs 1 - 38 as though fully set forth herein.

40. Mark Kucera has wrongfully and/or tortuously converted Plaintiff's interest in their business venture's profits to Mark Kucera's use and benefit.

41. Mark Kucera's conversion of Plaintiff's property interest has caused Plaintiff damage, including, but not limited to, lost profits and other revenues from their business venture.

## COUNT IX – BREACH OF CONTRACT

42. Plaintiff incorporates paragraphs 1 - 41 as though fully set forth herein.

43. Mark Kucera has breached his agreement with Plaintiff by failing and refusing to account and turnover the profits from their business venture to which Plaintiff is entitled.

44. Mark Kucera's breach of contract has caused Plaintiff damage including, but not limited to, lost profits and other revenues from their business venture.

## COUNT X – UNJUST ENRICHMENT

45. Plaintiff incorporates paragraphs 1 – 44 as though fully set forth herein.

46. Mark Kucera will be unjustly enriched if he is not required to account and turnover the profits from their business venture to which Plaintiff is entitled.

47. Mark Kucera will be unjustly enriched to the extent he is allowed to retain Plaintiff's share of the profits and other revenues from their business venture.

## COUNT XI – FRAUD

48. Plaintiff incorporates paragraphs 1 – 47 as though fully set forth herein.

49. Mark Kucera has made material representations to Plaintiff which were false and which Mark Kucera knew were false. Specifically, Mark Kucera made representations about the use of funds sent to him by Plaintiff and other persons. In addition, Mark Kucera made misrepresentations about the use and

ownership of the Kucera entities with respect to the parties' business transactions. Mark Kucera made such representations with the intent that Plaintiff rely upon them and Plaintiff relied upon the representations of Mark Kucera with ignorance as to their falsity. Plaintiff had a right to rely upon the representations of Mark Kucera and did so to Plaintiff's damage or injury.

50. The fraudulent actions of Mark Kucera have caused Plaintiff damage, including, but not limited to, lost profits and other revenues from their business venture.

### COUNT XII – TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

51. Plaintiff incorporates paragraphs 1 - 50 as though fully set forth herein.

52. In accordance with F.R.Civ.P. Rule 65, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief against Defendants because: (a) Plaintiff is entitled to the relief demanded herein and the relief, or any part of the relief, consists in restraining the commission or continuance of the act complained of; (b) the commission or continuance of Defendants' acts during litigation would produce a great or irreparable injury to the Plaintiff; (c) Defendants are doing, or threatens to do, acts in violation of Plaintiff's rights respecting the subject of this action, intended to render any judgment in

effectual; (d) Defendants, during the pendency of the action, threatens or is about to remove or dispose of Plaintiff's property interest in their business venture with intent to defraud Plaintiff.

WHEREFORE, Plaintiff prays the Court for an order:

1. Awarding him damages in an amount within the jurisdictional limits of this Court;

2. Awarding him pre-judgment interest as allowed by law;

3. Awarding him reasonable attorneys' fees;

4. Awarding him reasonable costs;

5. Awarding him punitive damages in accordance with Section 27-1-221, M.C.A.; and

6. Granting temporary, preliminary and permanent injunctive relief.

DATED this 11th day of November, 2013.

                            CRIST, KROGH & NORD, LLC

                            By: */s/ Eric Edward Nord*
                                Eric Edward Nord
                                Harlan B. Krogh
                            2708 First Avenue North, Suite 300
                            Billings, MT  59101

                            *Attorneys for Plaintiff*