**J. Reuss, Esq.**
**Attorney No. 2322**
**GUTHALS, HUNNES & REUSS, P.C.**
**P.O. Box 1977**
**Billings, MT  59103-1977**
**Telephone: (406) 245-3071**
**E-mail: jreuss@jreuss.net**

**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MONTANA**

| | |
|---|---|
| **JAWAD BOULOS,** | ) |
|  | ) Civil No. CV-13-137-BLG-SEH-CSO |
| **Plaintiff,** | ) |
|  | ) |
| **and** | ) |
|  | ) **ANSWER TO AMENDED** |
| **MARK KUCERA,** | ) **COMPLAINT AND** |
| **KM KUCERA, INC., AND KM** | ) **COUNTERCLAIM** |
| **KUCERA INTERATIONAL, INC.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

**COMES NOW** the Defendants above named, by and through counsel, GUTHALS, HUNNES & REUSS, P.C., and as and for their Answer to Plaintiff's Amended Complaint for Injunctive, Declaratory and other Relief ("Complaint"), on file herein, admit, deny and affirmatively allege as follows:

///

## RESPONDING TO ALLEGATIONS IN THE COMPLAINT

### PARTIES

1. Defendants admit the allegations of paragraph 1 of the Complaint.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

### GENERAL ALLEGATIONS

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

## COUNT I – DECLARATORY JUDGMENT

18. Answering paragraph 18, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

## COUNT II – ACCOUNTING AND TURNOVER

20. Answering paragraph 20, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

## COUNT III – CONSTRUCTIVE FRAUD

22. Answering paragraph 22, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

///

## COUNT IV - DECEIT

27. Answering paragraph 27, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint

## COUNT V – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30. Answering paragraph 30, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

## COUNT VI – CONSTRUCTIVE TRUST

33. Answering paragraph 33, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

///

///

///

## COUNT VII – VIOLATIONS OF FIDUCIARY DUTY

35. Answering paragraph 35, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

## COUNT VIII – CONVERSION

39. Answering paragraph 39, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

## COUNT IX – BREACH OF CONTRACT

42. Answering paragraph 42, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

///

## COUNT X – UNJUST ENRICHMENT

45. Answering paragraph 45, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

## COUNT XI - FRAUD

48. Answering paragraph 48, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

## COUNT XII – TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

51. Answering paragraph 51, Defendants re-allege and incorporate by reference their responses to each and every preceding paragraph of Plaintiff's Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny each and every allegation of Plaintiff's Complaint not otherwise admitted, denied or qualified herein.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden other than that imposed by operation of law or admitting that they bear any burden of proof with respect to the following, as and for its affirmative defenses against the above-named Plaintiff's Complaint, Defendant alleges and avers as follows:

1. That Plaintiffs' Complaint fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. That Plaintiff's claims are barred by the doctrine of estoppel.

3. That Plaintiff's claims are barred by the doctrine of waiver.

4. That Plaintiff's claims are barred by the doctrine of unclean hands.

5. That Plaintiff's claims are barred due to his prior material breaches of his agreement(s) with Defendants.

6. That Plaintiff has failed to mitigate his damages.

7. That in the event Defendants have mistakenly designated a counterclaim as an affirmative defense, Defendants, reserve the right to assert such counterclaim as if there had been a proper designation.

8. Defendant reserve the right to seek amendment of this Answer to include such other and additional affirmative defenses or counterclaim(s) which may arise as the result of information obtained through discovery.

9. The imposition of punitive damages under the facts alleged in this case violates the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution and violates Article II, Sections 4, 17, 22 and 25 of the Constitution of Montana.

## COUNTERCLAIM

For their counterclaim, Defendants allege as follows:

1. That Plaintiff and Defendants entered into a partnership, joint venture or other arrangement to purchase, restore, and sell various automobiles for a profit.

2. That Plaintiff has failed to account for his financial dealings relating to such enterprise necessitating an accounting.

3. Defendants believe that upon completion of discovery and an accounting, it will be determined that Plaintiff actually owes funds to Defendants and that Defendants should be entitled to recover net damages in their favor sustained as a result of Plaintiff's actions.

## PRAYER FOR RELIEF

**WHEREFORE**, having Answered Plaintiff's Complaint and the whole thereof, and having brought their Counterclaim, Defendants pray:

1. That Plaintiff takes nothing by way of his Complaint;

2. That Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted;

3. That Plaintiff's Complaint, and the whole thereof, be dismissed;

4. That Defendants' Counterclaim be granted and Defendants recover all damages sustained as a result of Plaintiff's actions;

4. That Defendants be awarded their costs, expert witness fees, and any other such costs which are recoverable by law; and

5. For such other and further relief as the Court may deem just and proper under the facts and circumstances of this case.

**DATED**:  December 27, 2013

                  **GUTHALS, HUNNES & REUSS, P.C.**

By: _____
    J. Reuss
    P.O. Box 1977
    Billings, MT  59103-1977
    E-mail: jreuss@jreuss.net
    Telephone: (406) 245-3071

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2013, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
|    1,2    | CM/ECF |
| _____ | Hand Delivery |
|    2    | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
|    2    | E-Mail |

1. Clerk, U.S. District Court

2. Eric Edward Nord
   CRIST, KROGH & NORD, LLC
   The Securities Building
   2708 First Avenue North, Suite 300
   Billings, MT 59101
   enord@cristlaw.com

**DATED**:  December 27, 2013

          **GUTHALS, HUNNES & REUSS, P.C.**

By: _____
      J. Reuss
      P.O. Box 1977
      Billings, MT  59103-1977
      E-mail: jreuss@jreuss.net
      Telephone: (406) 245-3071